UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

DERRICK LEE SMITH #267009,

        Plaintiff,

        v.

WAYNE COUNTY ELECTIONS
COMMISSION, et al.,

        Defendants

                                  /

Case No. 2:25-cv-00309

Hon.  Robert J. Jonker
U.S. District Judge

## REPORT AND RECOMMENDATION

*Pro se* Plaintiff state prisoner Derick Lee Smith filed a civil complaint under 42 U.S.C. § 1983 against several parties including the Wayne County Elections Commission, Michigan Governor Whitmer, Michigan Attorney General Nessel, Michigan Secretary of State Benson, Wayne County Prosecutor Worthy, Court of Appeals Judge Murray, Wayne County Sheriff's Department, and Wayne County Executive Penman.  (ECF No. 1.)  Plaintiff alleges that during the 2020 election, 12000 votes for Donald J. Trump were not counted in Wayne County.  Plaintiff seeks 20 billon dollars in damages due to Wayne County's alleged failure to properly count the vote in the 2020 election.

The PLRA amended the procedural rules governing a prisoner's request for the privilege of proceeding *in forma pauperis*. As the United States Court of Appeals for the Sixth Circuit has stated, the PLRA was "aimed at the skyrocketing numbers of claims filed by prisoners—many of which are meritless—and the corresponding burden those filings have placed on the federal courts." *Hampton v. Hobbs*, 106 F.3d

1281, 1286 (6th Cir. 1997).  For that reason, Congress created economic incentives to prompt a prisoner to "stop and think" before filing a complaint.  *Id.*  For example, a prisoner is liable for the civil action filing fee, and if the prisoner qualifies to proceed *in forma pauperis*, the prisoner may pay the fee through partial payments as outlined in 28 U.S.C. § 1915(b).  The constitutionality of the fee requirements of the PLRA has been upheld by the Sixth Circuit. *Id.* at 1288.

In addition, another provision reinforces the "stop and think" aspect of the PLRA by preventing a prisoner from proceeding *in forma pauperis* when the prisoner repeatedly files meritless lawsuits.  Known as the "three-strikes" rule, the provision states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under [the section governing proceedings *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).  The statutory restriction "[i]n no event," found in § 1915(g), is express and unequivocal.  The statute does allow an exception for a prisoner who is "under imminent danger of serious physical injury."  The Sixth Circuit has upheld the constitutionality of the three-strikes rule against arguments that it violates equal protection, the right of access to the courts, and due process, and that it constitutes a bill of attainder and is *ex post facto* legislation.  *Wilson v. Yaklich*, 148 F.3d 596, 604–06 (6th Cir. 1998).

Plaintiff has been an active litigant in the federal courts in Michigan.  In more

than three of Plaintiff's lawsuits, the Court entered dismissals on the grounds that the cases were frivolous, malicious, and/or failed to state a claim.  *See Smith v. Fager et al.*, No. 1:24-cv-308 (W.D. Mich. Aug. 27, 2024); *Smith v. Maloney et al.*, No. 1:23-cv-421 (W.D. Mich. May 16, 2023); *Smith v. Jones et al.*, No. 1:22-cv-1082 (W.D. Mich. Feb. 17, 2023); *Smith v. Otto et al.*, No. 1:22-cv-1028 (W.D. Mich. Feb. 17, 2023); *Smith v. Brock et al.*, No. 1:22-cv-634 (W.D. Mich. Feb. 21, 2023); *Smith v. Schiebner et al.*, No. 1:21-cv-878 (W.D. Mich. Jan. 25, 2022); *North et al. v. Scanlon et al.*, No. 1:21-cv-518 (W.D. Mich. Jul. 13, 2021); *Smith v. Washington et al.*, No. 2:18-cv-10736 (E.D. Mich. Oct. 5, 2018); *Smith v. Hall et al.*, No. 1:18-cv-277 (W.D. Mich. Apr. 3, 2018); *Smith v. Wayne Cnty. Prosecutor's Office et al.*, No. 2:09-cv-12287 (E.D. Mich. June 25, 2009).  All of Plaintiff's dismissals were entered after enactment of the PLRA on April 26, 1996.

In addition, Plaintiff has been denied leave to proceed *in forma pauperis* under the three-strikes rule in at least four cases. *See Smith v. Ionia Correctional Facility et al.*, No. 1:25-cv-353 (W.D. Mich. Apr. 29, 2024); *Smith v. Washington et al.*, No. 1:20-cv-1211 (W.D. Mich. Mar. 2, 2021); *Smith v. Writeaprisoner.com Inc. et al.*, No. 1:20-cv-1201 (W.D. Mich. Mar. 5, 2021); *Smith v. Penman et al.*, No. 1:18-cv-1212 (W.D. Mich. Feb. 13, 2019).

Moreover, Plaintiff's allegations do not fall within the "imminent danger" exception to the three-strikes rule.  28 U.S.C. § 1915(g).

Accordingly, it is recommended that the Court conclude that Plaintiff is barred from proceeding *in forma pauperis* under § 1915(g).  Since Plaintiff also has not paid

the $405.00 civil action filing fees applicable to those not permitted to proceed *in forma pauperis,* it is further recommended that the Court dismiss this action without prejudice. *See Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) ("[T]he proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the three strikes provision of § 1915(g)."). Plaintiff is free to refile his complaint as a new action in this Court if he submits the filing fees at the time that he initiates the new action.

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen (14) days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985).

Dated:  January 16, 2026                    /s/ *Maarten Vermaat*
                                            MAARTEN VERMAAT
                                            U. S. MAGISTRATE JUDGE

4